IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTISTINE WILLIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-4275 |
| | : | |
| MAGIC POWER CO., LTD, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                          January 7, 2011

By order of December 21, 2010, this action was remanded to the Court of Common Pleas of Philadelphia County because the removal notice of defendant Magic Power Co., LTD was untimely. Jurisdiction is diversity. 28 U.S.C. §§ 1332(a)(3); 1441(a). This memorandum is intended to explain the remand order.

On October 16, 2009, plaintiff Curtistine Willis began this personal injury action by filing a complaint in the Philadelphia Court of Common Pleas against defendants Magic Power and Sears Holdings Corp. On November 17, 2009, the complaint, which was sent by United States registered mail, was received by Magic Power in Hong Kong.[1] On December 22, 2009, Magic Power filed preliminary objections challenging venue and disputing service of process by mail under the Hague Service Convention.[2] On January 11, 2010, plaintiff

---

[1] The return receipt listed this defendant's address as Room 703-8, Sino Ind Plaza, 9 Kai Cheng Rd., Kin Bay, Hong Kong. See proof of service (doc. no. 6).

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Service Convention), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, reprinted in 28 U.S.C.A., supplementary practice materials to Fed. R. Civ. P. 4 (2008 & Supp. 2010), at 267-73. The United States signed the treaty on Nov. 15, 1965 and ratified it on Aug. 24, 1967. It became effective as to the United States on Feb. 10, 1969.

1

filed an amended complaint, aimed at curing the venue objection, and this pleading was again sent to Magic Power in Hong Kong by registered mail. On January 25, 2010, Magic Power filed preliminary objections renewing its position that service by mail was ineffective. On April 26, 2010, the C. P. court overruled the preliminary objections, and on August 23, 2010, Magic Power filed its removal notice to this court, to which Sears consented.

On September 9, 2010, plaintiff moved to remand the action on the ground that Magic Power had been served more than nine months before the filing of the removal notice.[3] In plaintiff's view, service was effective because Pa. R.C.P. 403, 404, and 424 and the long-arm statute Pa.C.S.A. § 5323(a)(3), as well as Article 10(a) of the Hague Service Convention, permit service of process by mail. According to plaintiff, the People's Republic of China, of which Hong Kong is a special administrative region, has not objected to use of this method of service in Hong Kong.

Defendant Magic Power does not dispute receipt of the original complaint on November 17, 2009. It contests the method of service - i.e. by mail. Its position is that the People's Republic of China has objected under the Hague Service Convention to service of process by mail in Hong Kong. See defendant Magic Power's preliminary objections to plaintiff's original complaint, doc. no. 1-1 at 25-26, 28-29, and preliminary objections to plaintiff's amended complaint, doc. no. 1-2 at 10-13. In response to plaintiff's motion to remand, Magic Power argues that the Hague Service Convention, as acceded to by China,

---

[3] A removal notice must be filed within 30 days after service of initial process. See discussion infra at 3.

required plaintiff to forward the complaint and the amended complaint to China's designated central authority, which would arrange for service by an appropriate agency. Magic Power posited that since it had not been formally served, the 30-day period for removal had not begun and, therefore, Magic Power's removal notice was not untimely.

"Removal is a statutory right, and the procedures to effect removal must be followed." Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985). The statute specifies that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). A defendant must be officially summoned to appear in order for the removal period to begin. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 354-55 (1999) ("defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

Pennsylvania's Rules of Civil Procedure and long-arm statute authorize service of process by registered mail, return receipt requested, under the circumstances here.[4] See

---

[4] See Pa. R.C.P. 403 ("If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or authorized agent. Service is complete upon delivery of the mail."), Rules 404(2) and 404(4) ("Original process shall be served outside the Commonwealth within ninety days of . . . the filing of the complaint . . . by mail in the manner provided by Rule 403 . . . [or] in the manner provided by treaty . . . ."), Rule 424 ("Service of original process upon a corporation . . . shall be made by handing a copy to . . . the manager, clerk or other person for the time being in charge of any regular place of business . . . ."); see also Pa.C.S.A. § 5323(a)(3), which authorizes service of process outside the Commonwealth "[b]y any form of mail addressed to the person to be served and requiring a signed receipt."

3

Richman, Berenbaum & Assoc., P.C. v. Carolina Cas. Co., No. 02-3195, 2002 WL 1895900, at *6 n.4 (E.D. Pa. Aug. 14, 2002) (courts have interpreted service by mail under Pa. R.C.P. 403 as proper service on out-of-state corporations under Pa. R.C.P. 424).

It is also undisputed that the Hague Service Convention is applicable here. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 700 (1988) (the Convention applies when the forum state's internal law requires transmittal of documents abroad as a necessary part of service of process); DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 288 (3d Cir. 1981) (the Convention "provides a mechanism by which a plaintiff authorized to serve process under the laws of its country can effect service that will give appropriate notice to the party being served and will not be objectionable to the country in which that party is served" and "applies to persons desiring to make service in state-court proceedings"). The Hague Service Convention requires each country to establish a central authority to receive requests for service of documents from other countries. Volkswagenwerk, 486 U.S. at 698. A country may also consent to methods of service within its boundaries other than a request to its central authority. Id. at 699.

The Hague Service Convention was extended to Hong Kong by the United Kingdom on May 20, 1970, and became effective as to Hong Kong on July 19, 1970.[5] On May 6, 1991, the People's Republic of China acceded to the Hague Service Convention, effective

---

[5] See Cheung v. United States, 213 F.3d 82, 84 (2d Cir. 2000) (discussing history of the legal relationship between Hong Kong and the People's Republic of China); see also Hague Conference on Private International Law, Conventions Section.

January 1, 1992.[6] On June 10, 1997, China notified the Netherlands government, the official depository for the Hague Convention, that upon transfer of Hong Kong's sovereignty to China, the Hague Service Convention would continue to be applicable to Hong Kong.[7] Effective July 1, 1997, China became the sovereign of Hong Kong.[8]

There are two views concerning the proper interpretation of Article 10(a) of the Hague Service Convention, which states: "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents by postal channels, directly to persons abroad." Some courts and commentators have concluded that Article 10(a) applies only to documents transmitted after service of original process because the article uses the word "send" rather than "service." See, e.g., Nuovo Pignone SpA v. Storman Asia M/V, 310 F.3d 374, 384 (5th Cir. 2002); Bankston v. Toyota Motor Corp., 889 F.2d 172, 173-74 (8th Cir. 1989). Other courts and commentators have considered the use of "send" to be "careless drafting," and have found that Article 10(a)

---

[6] 28 U.S.C.A., supplementary practice materials to Fed. R. Civ. P. 4 (1999), Treaties and Conventions, Annex to the Convention, listing the Convention's parties, including China, at n.3a.

[7] Id. at n.3a (China's June 10, 1997 Notification to the Netherlands); see also American Society of International Law, *The Position of the People's Republic Of China and the United Kingdom on Multilateral Treaties Applying to the Hong Kong Special Administrative Region*, 36 I.L.M. 1671, 1997 WL 759085 (I.L.M. Nov. 1997) (reproducing from UN Document NV/97/35, of June 27, 1997, a joint statement by China and the United Kingdom that the Hague Service Convention would be applied to Hong Kong effective July 1, 1997).

[8] 28 U.S.C.A., Annex to the Convention, China, at n.3a; see also Continental Ins. Co. v. Fed. Express Corp., 454 F.3d 951, 955 (9th Cir. 2006) ("From July 1, 1997, the People's Republic of China resumed the exercise of sovereignty over Hong Kong from the United Kingdom, becoming a Special Administrative Region ('SAR') of China.").

permits service of process by mail.  See, e.g., Ackermann v. Levine, 788 F.2d 830, 839 (2d Cir. 1986) (quoting 1 Bruno A. Ristau, INTERNATIONAL JUDICIAL ASSISTANCE (CIVIL AND COMMERCIAL), § 4-28, at 165-67 (1984)).  Our Court of Appeals has not ruled on the scope of Article 10(a).

Most of the jurisdictions to have decided this issue have determined that Article 10(a) contemplates service of process on foreign defendants by mail if permitted by the receiving country, without going through that country's central authority.  See, e.g., id. at 838-39; The Knit With v. Knitting Fever, Inc., No. 08-4221, 08-4775, 2010 WL 2788203, at *7 (E.D. Pa. July 13, 2010); Mitchell v. Theriault, 516 F. Supp. 2d 450, 455 (M.D. Pa. 2007). Pennsylvania law is in accord.  Also see Jordan v. SEPTA, 708 A.2d 150, 152 (Pa. Commw. Ct. 1998) (service by certified mail on a corporation in Japan was proper under Pa. R.C.P. 404(4) and Article 10(a)); Sandoval v. Honda Motor Co., Ltd., 527 A.2d 564, 566 (Pa. Super. Ct. 1987) (service by certified mail on a corporation in Japan was proper because Japan had not objected to Article 10(a)).

Magic Power relies on the People's Republic of China's objection to the entirety of the Convention's Article 10,[9] which it contends negates service of documents by use of "postal channels" as set forth in Article 10(a).  However, China did not object to service of process by mail in Hong Kong under Article 10(a).  On June 10, 1997, China notified the

---

[9] On May 6, 1991, the instrument of accession to the Hague Service Convention contained a declaration "to oppose the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention." 28 U.S.C.A., Annex to the Convention, China, at n.3a.

Netherlands depository that with respect to Hong Kong it was objecting only to Articles 10(b) and 10(c); the notice was silent as to Article 10(a):

> With reference to the provisions of Sub-paragraphs (b) and (c) of Article 10 of the Convention, documents sent for service through official channels will be accepted in the Hong Kong Special Administrative Region only by the Central Authority or Other Authority designated, and only from judicial consular or diplomatic officers of other Contracting States.

Denlinger v. Chinadotcom Corp., 2 Cal. Rptr. 3d 530, 538 (Cal. Ct. App. 2003) (quoting China's declaration).[10] Furthermore, other courts have approved service of process by mail in Hong Kong under Article 10(a). See TracFone Wireless, Inc. v. Bequator Corp., Ltd., 717 F. Supp. 2d 1307, 1309 (S.D. Fla. 2010) (Hong Kong does not object to judicial documents being sent by postal channels under Article 10(a)); Silver Top Ltd. v. Monterey Indus. Ltd., No. 94-5731, 1995 WL 70599, at *2 (S.D.N.Y. 1995) (service of process by registered mail to Hong Kong defendants was an appropriate method of service under the Convention); Hayes v. Evergo Tel. Co., Ltd., 397 S.E.2d 325, 328 (N.C. Ct. App. 1990) (service of process by international mail conformed with the Convention and "Hong Kong has not objected to any portion of Article 10 and apparently the internal law of Hong Kong permits service of process through the mail.").[11]

---

[10] See also 28 U.S.C.A., Annex to the Convention, China, at n.3a; Hague Conference on Private International Law, Conventions Section.

[11] See also U.S. Department of State, "Service of Legal Documents Abroad," "Hong Kong Judicial Assistance": "Hong Kong did not make any reservations with respect to service by international registered mail . . . ."); Zhang Xian Chu, *The Extraterritorial Service of Judicial Documents from Hong Kong*, 28 HONG KONG L.J. 356, 358-59, 364-65, 373-74 (1998) (Hong Kong's practice under its common law tradition allowed extraterritorial service of process by mail, if permitted by the receiving country).

7

The strong weight of authority is in accord with plaintiff's view. See The Knit With, 2010 WL 2788203, at *6-7, *7 (Buckwalter, J.) ("In short, although the issue is far from settled, a large number of courts within the Third Circuit, a majority of the courts outside the Third Circuit, the drafters of the Hague Convention, the United States Government, and other signatory countries have all adopted the position that Article 10(a) permits international service by mail."). Neither the People's Republic of China nor Hong Kong has objected under the Hague Service Convention to service of process by mail in Hong Kong.

Plaintiff completed service of her initial pleading in accordance with Pennsylvania's Rules of Civil Procedure and long-arm statute, and Article 10(a) of the Hague Service Convention, as acceded to and implemented by China in Hong Kong. The removal period began upon Magic Power's actual receipt of the complaint on November 17, 2009. Because Magic Power filed its notice of removal more than nine months later on August 23, 2010, the removal was untimely under 28 U.S.C. § 1446(b). Accordingly, this action was remanded to the Philadelphia Court of Common Pleas.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.